587 F.2d 649
 INGALLS SHIPBUILDING CORPORATION, a division of Litton
Systems, Inc., Petitioner,
v.
Joseph A. JOYNER and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 77-1737.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 13, 1978.
Rehearing and Rehearing En Banc Denied Jan. 12, 1979.
 
 William P. Wessler, Paul M. Franke, Jr., Gulfport, Miss., George W. Williams Jr., Senior Staff Atty., Litton Systems, Inc., Pascagoula, Miss., for petitioner.
 John W. Chapman, Pascagoula, Miss., William J. Kilberg, Sol. of Labor, Mary A. Sheehan (OWCP Dir.) Atty., Laurie M. Streeter, Assoc. Sol., U. S. Dept. of Labor, NDOL, Washington, D. C., Robert H. Bergeron, Deputy Comm., OWCP, ESA, U. S. Dept. of Labor, Jacksonville, Fla., for respondents.
 Benefits Review Board, Joshua T. Gillelan, II, Dept. of Labor, Sol., Washington, D. C., for other interested party.
 Petition for Review of An Order of the Benefits Review Board.
 Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.
 
 BY THE COURT:
 
 1
 Joyner was determined by an Administrative Law Judge to be entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., against his employer Ingalls. The decision and order of the ALJ was affirmed by the Benefits Review Board. Ingalls has petitioned this court for review of the Board's order. After docketing of the cause in this court Joyner and Ingalls have filed a joint motion to approve a compromise settlement and to dismiss the appeal.
 
 
 2
 Litton, Joyner and the Secretary of Labor have filed briefs on the question whether this court has jurisdiction to approve a settlement or whether only the Secretary may grant such approval. In Ingalls Shipbuilding Corp. v. Robert E. Spicer, No. 74-3465, a panel of this court in a similar case entered an order approving a settlement over the objection of the Secretary of Labor, after considering the matter on briefs from employer, employee and the Secretary. This panel considers itself bound by the action of the court in No. 77-1737 unless and until the question of law ruled on therein is submitted to this court in an adversary context and fully adjudicated and determined.
 
 
 3
 It is therefore ORDERED, ADJUDGED and DECREED that the settlement agreed upon by Joyner and Ingalls is APPROVED. Counsel for Joyner shall submit within 15 days information supporting his prayer for attorney fees.
 
 
 4
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 5
 Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.
 
 PER CURIAM:
 
 6
 The order in this case is corrected by deleting, in the body thereof, the reference to "No. 77-1737" and substituting therefor "No. 74-3465."
 
 
 7
 The Director, Office of Workers' Compensation Program, Department of Labor, asks us to clarify our ruling, and we do so.
 
 
 8
 While this case was pending on petition for review of an order of the Benefits Review Board awarding compensation to an injured longshoreman, the employer Ingalls and the employee Joyner notified the court that they had agreed upon a compromise settlement and asked this court to approve it. We expressed concern about our authority to approve the settlement and asked the parties and the Director to express their views on this question. Ingalls then notified the court that its offer of settlement was conditioned upon its being approved by the court, and that if it was necessary to remand the case to the Director for approval of the settlement it would withdraw from the settlement and proceed with the petition for review of the order on its merits. This contingent, conditional situation made it infeasible for this panel of the court, and possibly the court en banc, to consider whether this court should adopt a rule different from that previously followed in Ingalls Shipbuilding Company v. Spicer, No. 74-3465, in which we considered and approved a compromise settlement in a similar case while a petition for review was pending. What we have decided, and all that we have decided, is that in this context and for this day the court follows Spicer.
 
 
 9
 Except to the extent of the foregoing the petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.
 
 ALVIN B. RUBIN, Circuit Judge, Dissenting:
 
 10
 Respectfully, I must dissent. The order entered by my brethren fully and correctly states the facts and the legal issues and I differ with them only concerning the action we should take.
 
 
 11
 Although I would not decide the issue without a hearing, I doubt that a settlement of a claim under the Longshoremen's and Harbor Workers' Compensation Act may be effected without administrative approval in accordance with the statute, 33 U.S.C. § 908(i), and whether a settlement made in the absence of compliance relieves the employer of future obligations with regard to its employee's continuing disability.
 
 
 12
 My brethren consider us bound for the time by an unreported order entered in Ingalls v. Spicer, No. 74-3465, order filed April 18, 1975. In that case, a motion to approve a compromise settlement and to dismiss was granted by another panel of this court. The order was entered despite the pendency of, and did not advert to, a "Motion to Remand" that had been filed under the Spicer caption by the Secretary of Labor; this motion urged that the court lacked authority to pass on proposed compromise settlements under Section 8(i) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(i). There is, of course, no way to determine from the opinion whether the question of jurisdiction to approve the settlement was in fact considered, and, apparently, no motion to reconsider was filed. I do not think that action creates a law of the circuit or embodies a rule entitled to stare decisis effect. Whether or not it does is not of itself a question for summary disposition.
 
 
 13
 If we follow Spicer, a path to avoid administrative approval is open. Ingalls doubtless has learned the route and others may follow. If other employers and employees do, then in any case the injured workman and the employer can effect a compromise by the expedient of an appeal followed by a conditional settlement. The question will not be different on another day, and the parties can surely arrange its presentation again to be in the same context so that the question may continually escape review.
 
 
 14
 I would, therefore, grant the motion for rehearing and assign the original motion for full hearing before a panel, on briefs.